# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-812V

|  |  |
|---|---|
| EDNA GROEN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 18, 2024 |

*Michael James Morgan*, Morgan Smith Porter, PLLC, Covington, KY, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 28, 2021, Edna Groen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as well as additional injuries, including axillary neuropathy/axillary nerve palsy post trauma, resulting from an influenza vaccination she received on August 30, 2019. Petition, ECF No. 1. On April 14, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 24.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $24,122.95 (representing $23,402.75 in fees plus $720.20 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed Sept. 7, 2023, ECF No. 29. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. ECF No. 30.

Respondent reacted to the motion on Sept. 20, 2023, indicating that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 31. On Sept. 26, 2023, Petitioner filed a reply reiterating her request for fees and costs as indicated in the Motion. ECF No. 32.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Hourly Rates*

Petitioner requests the following hourly rates for attorney Michael J. Morgan: $316.75 time billed in 2020; $355 for time billed in 2021; $366 for time billed in 2022; and $418 for time billed in 2023. ECF No. 29-2. Mr. Morgan has been a licensed attorney since 2014 (ECF No. 29-1), placing him in the range of attorneys with 4-7 years' experience for time billed in 2020-21, and for time billed in 2022-23 in the rage of attorneys with 8-10 years' experience, based on the OSM Attorneys' Forum Fee Schedules.[3] The requested rates are all within the Vaccine Program's published ranges for attorneys with his level of overall experience, albeit on the higher end of the ranges.

At the same time, however, Mr. Morgan does not have demonstrated Vaccine Act experience. Rates on the higher end of the experience ranges set forth on OSM's Fee Schedule are usually reserved for attorneys with significant experience in the Vaccine Program. It is therefore improper for Mr. Morgan to receive rates established for comparably-experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to compensate Mr. Morgan at the lesser rates of **$300 per hour for all time billed in the 2020-21 timeframe, and $336 per hour for all time billed in the 2022-23 timeframe**. This reduces the amount of fees to be awarded herein by **$3,721.07**.[4] Mr. Morgan will be entitled to rate increases in the future (for coming years), however, as he demonstrates more experience in Vaccine Program cases.

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914.

[4] This amount consists of ($316.75 - $300 = $16.75 x 33.30 hrs.) + ($355 - $300 = $55 x 27.70 hrs.) + ($366 - $336 = $30 x 15.30 hrs.) + ($418 - $336 = $82 x 14.40 hrs.) = $3,721.07.

### B. *Paralegal Tasks at Attorney Rates*

I also find it necessary to reduce Mr. Morgan's requested hours for time billed on paralegal tasks.[5] Program attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Accordingly, I hereby reduce Attorney Morgan's hourly rate for all tasks considered paralegal in nature to a rate of $141.00. This rate is more in line with what a paralegal would receive for such tasks. This further reduces the amount of fees to be awarded herein by **$458.10**.[6]

## ATTORNEY COSTS

Petitioner requests $1,203.71 in overall costs. ECF No. 29-3. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$29,025.33 (representing $27,821.62 in attorney's fees and $1,203.71 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Michael J. Morgan.** In

---

[5] Examples of paralegal tasks billed at attorney rates: 1/27/21: "Organize and label Exhibits," 1/28/21: "Complete organizing and labeling exhibits," 9/6/23 (two entries): "Prepare List of Costs and Receipts/Supporting Docs," and "Draft General Order #9 Statement."

[6] This amount is calculated at the attorney's newly awarded rates and is comprised of: ($300 - $141 = $159 x 1.90 hrs.) + ($336 - $141 = $195 x 0.80 hrs.) = $458.10.

4

the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.